963 F.2d 377
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Joseph Byron WHITE HORSE, III, Appellant.
 No. 92-1007.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1992.
Filed: May 18, 1992.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In May 1991, Joseph Byron White Horse, III, a juvenile, was charged with assault with a dangerous weapon with intent to do bodily injury, in violation of 18 U.S.C. §§ 1153, 5032, and 113(c), and assault resulting in bodily injury in violation of 18 U.S.C. §§ 1153, 5032, and 113(f). Following a court trial in August 1991, White Horse was convicted of both counts.
 
 
 2
 The evidence at trial showed that on the evening of March 8, 1991, and into the morning hours of March 9, White Horse was at a party in a house in Mission, South Dakota. Myron Godfrey, the victim of White Horse's assault, was also at the party, and he was in an intoxicated state. According to trial testimony, Godfrey was unruly and started fights with many of the other guests at the party. In the early morning hours, outside the house, Godfrey threatened White Horse and Tonja Small Bear, a friend of White Horse's, with a large tree branch. White Horse, after some evasive action, eventually "responded by striking Godfrey with a stick of his own and again with his fist." United States v. White Horse, Memorandum Opinion, at 3 (S.D. November 14, 1991). Then, while Godfrey was on the ground, "prone, intoxicated, and largely without defenses," White Horse repeatedly kick Godfrey in the head, severely injuring Godfrey to the point where the features of his face were "barely discernible" and requiring Godfrey's hospitalization for the following twelve days. Id. a 5-6, 9-10.
 
 
 3
 White Horse appeals claiming that the district court erred in not finding that he had acted in self defense against Godfrey. White Horse argues that Godfrey was an armed aggressor and he, White Horse, was justified in acting as he did out of fear for his life. We believe the district court was correct when it noted in its thorough memorandum opinion that "[i]f White Horse had walked away when Godfrey fell to the ground after being struck by [White Horse's] stick and fist, White Horse's course of action might have classified as self defense.... When Godfrey fell to the ground, however, [White Horse] turned what began as tactics of self defense into an offensive attack." Id. at 7. Finding no error in the district court's decision, we affirm the judgment of the district court on the basis of the district court's well-reasoned memorandum. See 8th Cir. R. 47B.